## IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | |
|---|---|
| David Helmstetter,. ) | |
|     Plaintiff, ) | |
| v. ) | **Case No.** 20-4064 |
| MCON, LLC, ) | |
|     Defendant. ) | |

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT & WRONGFUL RETALIATORY DISCHARGE

**Comes Now,** David Helmstetter with his complaint seeking damages under the Fair Labor Standards Act, 29 U.S.C.A. §201 *et seq*. for wrongful retaliatory discharge seeking damages at law and in equity as this Court finds just and necessary in this case.

### JURISDICTION and VENUE

1. The district court has original jurisdiction as to all civil actions arising under the Constitution and laws of the United States as conferred by 28 U.S.C.A. §1341.

2. David Helmstetter. is a Kansas citizen residing in Brown County.

3. MCON, LLC is subject to the FLSA as an employer engaged in interstate commerce and has been subject to an Agency investigation finding violations of FLSA.

### DESIGNATION OF PLACE OF TRIAL

4. Plaintiff designates Topeka, Kansas as place of trial.

### COUNT 1 – VIOLATIONS OF FLSA FOR OVERTIME & WAGES

5. David Helmstetter was employed by MCON, LLC ("MCON") for over 6 years.

6. During those 6 years, despite complaints to management, MCON refused to pay overtime engaging in a payroll policy to divide up hours and require more than 40 hours in any one section rather than overtime as time and a half for 40 total hours per week in violation of 29 USC §207.

7. MCON divided work week normal wages into three categories of "Regular", "Drive Time", and "Shop".

8. On June 11, 2020, Helmstetter through Counsel, made a demand for back wages, overtime, and earned PTO.

9. Euhler Law acknowledged the demand on June 22, 2020.

10. Unknown to Helmstetter at the time, MCON, MCON not only knew they had violated FLSA, they were under an investigation by the Department of Labor ("DOL").

11. The DOL investigation found that for the dates of February 23, 2018 through February 23, 2020, MCON failed to pay $12,025.48.

12. Violations of the FLSA by MCON from February 16, 2020 through April 30, 2020 were intentional and are continuing which forced this action.

13. Despite being aware of the issue and continued efforts, MCON has failed to remit proper compensation ignoring the demand despite historical average of shorting $500 a mo.

14. Helmstetter claims a 3 year statute of limitations period due to the willful violations apparent as the investigation concluded violations and no such compensation was provided from February 16, 2020 through the time of retaliatory and wrongful discharge on April 29, 2020.

15. Helmstetter had negotiated earning more PTO rather than a raise in hourly rate of pay because his wife had brain cancer.

16. Helmstetter is damaged in an amount to be determined for failure to pay earned wages, failure to pay proper compensation for hours over 40, as such seeks additional liquidated damages, costs of an action with attorney fees compensable, and equitable relief under 29 U.S.C.A. §216.

## COUNT 2 – WRONGUL & RETALIATORY DISCHARGE

17. All facts previously alleged are included by reference, similarly all subsequent facts and allegations are included in previous Counts as if set forth specifically therein.

18. In the fall of 2019, Helmstetter was working in Nebraska and witnessed his supervisor (AJ) driving a company truck while intoxicated which resulted in damage when AJ wrecked the truck.

19. On the same trip a restraint and hotel sustained property damages by MCON employees which resulted in the entire MCON crew being kicked out and not allowed to return.

20. I was interviewed in the investigation and told to tell the truth despite my fear of retaliation in turning in my supervisor.

21. I told Tyler Miller and Lindsey that AJ was drunk, that he almost rear ended a semi truck, and almost sideswiped a car.

22. I told Tyler Miller and Lindsey that if a cop had shown up AJ that the cops were not called because if they would have had a DUI when he wrecked the truck.

23. I was afraid of retaliation at the time but assured I needed to tell the truth. Retaliation did occur and I not only reported it but also requested to be transferred off AJ's crew.

24. On April 29, 2020 the situation came to a head where I was up with my wife who was having seizures and as I was making arrangements for her care I texted AJ at approximately 5:16 a.m. confirming I would be at the job at 7.

25. AJ texted back that it was too muddy anyway so not to come in.

26. I needed the work so when I found out the crew was working I went which

resulting in being yelled at and fired telling me to return my truck.

27. I asked for vacation time to finish out my week.

28. Rather, I received a letter date April 30, 2020 claiming I was a no call no show therefore was terminated.

29. AJ was repeatedly hostile and angry because I cooperated with the investigation regarding him being too drunk to drive but also that he was drinking an open can of beer while driving me and others in the truck.

30. Helmstetter's cooperation with an investigation which resulted in the reporting of drunk driving in a work truck, and drinking on a construction cite are public policy exceptions to employment at will so clear as not to be in any doubt.

31. Helmstetter has suffered pecuniary damages as a result of the treatment and loss of wages and PTO pay in the bank but not received after being fired for ratting the supervisor out.

**WHEREFORE** the Plaintiff seeks the maximum relief allowed by law and equity including compensatory, statutory penalties, punitive damages; costs, expenses, and attorney fees in an amount in excess of $75,000; and any other relief this Court deems just and necessary.

**DEMAND FOR TRIAL BY JURY**

            **Respectfully submitted,**

            **THE LAW OFFICE OF DONNA L. HUFFMAN**

            By:/ s/ Donna L. Huffman
                Donna L. Huffman (KS 23324)
                PO Box 1
                303 Jefferson Street
                Oskaloosa, KS 66066
                Ph: (785) 840-5259
                dhuffmanlaw@ao.com
                ATTORNEY FOR HELMSTETTER

Declaration of David Helmstetter

I, David Helmstetter, am over 18 years and if asked to testify I will swear to the same as follows.

1. I was employed by MCon for about 6 and a half years.

2. Last fall I was with the crew in Nebraska and I was in the truck witnessing the driver drinking alcohol (my supervisor AJ Jenson).

3. AJ Jensen was driving and wrecked the company truck.

4. During the same trip the crew was kicked out of the hotel and tore up the restaurant.. Anybody with MCon was not allowed back.

5. During the investigation on the truck wreck I was told to tell the truth about what happened.

6. I told Tyler Miller and Lindsey that the truck was wrecked because AJ was drunk. If a cop had showed up he would have had a DUI. I told them he almost rear ended the semi and almost sideswiped the car.

7. After the investigation I felt things got worse. Everything went down hill. I was trying to switch off AJ's crew but they wouldn't switch me even though I talked to Tyler Miller and Tyler Ferris. One time Tyler Miller yelled at me over it. I felt retaliated against by AJ.

8. On Wednesday April 29, 2020 at 5:17 am, I contacted my supervisor AJ and let him know I could be there at 7 am.

9. AJ texted me to stay home because it was muddy anyway.

    "Just stay home too muddy anyway."

10. My wife, Jacqueline, has brain cancer (which they knew) and had seizures that night.

11. I needed the work and had called Jeff from Nemaha and he said it's dry out here so I went on to work.

*DLH*

12. I called Tyler Miller on my way to work and asked him what was going on so he said he didn't know and called AJ.

13. After he called AJ he got me on the phone and was yelling and chewing me out and told me not to come into work because AJ told me not to and AJ was my supervisor. Then he said bring my work truck back to the shop.

14. At that point as soon as he told me to bring back the truck I knew I was fired.

15. I got a letter that Saturday accusing me of not showing up.

16. **I was not a no call no show.**

17. I also was trying to get my full pay and not getting overtime I was working. I have asked for my back pay. I have some because someone turned them into the Department of Labor and I learned after I was fired that it was under investigation. Even though they know they weren't paying everyone what they were due they still won't even pay me my overtime and shop time right or my paid time off. One year I talked to them about getting more PTO rather than a raise and they won't pay me out even though they lost the investigation and had to pay many people 12,000.00 for short wages over 24 months but it went on for years and after the investigation they still won't give me all my back pay.

I declare and certify under penalty of perjury that the foregoing is true and correct.

Executed on Sunday, September 27, 2020

*David Helmstetter*
David Helmstetter

1798 Timber Rd
Robison 66532